```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
PATRICK NDUKWE,                         :    24cv5073 (DLC)
                    Plaintiff,          :    S1 21cr700-1
                                        :         (DLC)
        -v-                             :
                                        :
                                        :    MEMORANDUM
UNITED STATES OF AMERICA,               :    OPINION AND
                                        :      ORDER
                    Defendant.          :
                                        :
----------------------------------------X
```

APPEARANCES:

For petitioner Patrick Ndukwe:
Patrick Ndukwe
4442 Richardson Ave.
Bronx, NY 10470
Pro se

For the United States of America:
Brandon Douglas Harper, Kedar S. Bhatia
U.S. Attorney's Office for the Southern District of New York
One Saint Andrew's Plaza
New York, NY 10007

DENISE COTE, District Judge:

On November 7, 2024, Patrick Ndukwe's petition for a writ of habeas corpus was denied. On December 5, 2024, Ndukwe filed a motion for reconsideration. For the following reasons, the motion is denied.

## Background

Ndukwe entered a plea of guilty to federal crimes related to Medicaid fraud and was sentenced on June 30, 2023, principally to 60 months' imprisonment. He did not appeal. On

June 30, 2024, Ndukwe filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.

On July 24, Ndukwe requested the appointment of counsel. That request was denied on July 31, with the instruction that he could submit any argument to support his petition in a document filed by September 13, and renew his request for appointment of counsel at that time.  If he renewed the request for counsel in that filing, the defendant was assured that the Court would reassess, based on that filing, whether his petition was likely to be of substance such that the appointment of counsel was appropriate.

Ndukwe did not make any further submission in support of his petition.  Consequently, the Court informed the Government that it did not need to respond to the petition and addressed the merits of the June 30 petition.  An Opinion of November 7 denied the petition and declined to issue a certificate of appealability.  Ndukwe v. United States, No. 24cv5073 (DLC), 2024 WL 4711288, at *1 (S.D.N.Y. Nov. 7, 2024).

## Discussion

In his December 5 motion for reconsideration, Ndukwe makes three arguments.  None of them requires reconsideration of the decision denying the petition.

2

Ndukwe argues that the Court lacked jurisdiction to address his petition since he had filed an appeal from the order of July 31 denying his request for appointment of counsel.  While this Court was not aware of the appeal, the Court has now confirmed that Ndukwe filed the appeal with the Clerk of Court on August 30.  The appeal remains pending.  Even assuming that the appeal from the July 31 Order was not premature, the filing of that appeal did not divest this Court of jurisdiction to deny the petition, as "[a]n appeal, including an interlocutory appeal, divests the district court of its control over [only] those aspects of the case involved in the appeal."  Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (citation omitted).  That is because it is not "tolerable" to have a situation in which a district court and a court of appeals "would both have . . . the power to modify the same judgment."  Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 59-60 (1982).

Ndukwe next argues that reconsideration is appropriate since he has not yet received full discovery from his previously appointed counsel.  On February 23, 2024, Ndukwe's wife, Hope Ndukwe, sent to Ndukwe's appointed trial counsel, Jessica Masella, a request from Ndukwe for certain documents relating to his case.  After several rounds of communication with Ndukwe and his wife, on June 5, Ms. Masella provided Ndukwe with copies of

3

documents by delivering them to the home address of Ndukwe's wife. On June 24, Ndukwe requested additional documents and Ms. Masella anticipated she would have those materials delivered to Ndukwe's wife's home address by July 12. Ndukwe does not assert that he did not receive the materials, but makes only a vague assertion that he did not "receive full discovery materials from Atty. Masella." In any event, Ndukwe does not explain what discovery materials he lacked that would have assisted him in preparing his petition.

Finally, Ndukwe argues that it was error to deny a certificate of appealability without allowing him an opportunity to be heard on that issue. Ndukwe was allowed to supplement his petition by September 13 and chose not to do so. If he had made a supplemental filing, that filing would have informed the evaluation of whether a certificate of appealability should issue. Ndukwe was not entitled to any further opportunity to be heard.

## Conclusion

Ndukwe's December 9 motion for reconsideration is denied. Ndukwe having not made a substantial showing of a denial of a federal right, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Opinion

and Order would not be taken in good faith. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). The Clerk of Court is directed to mail Ndukwe a copy of this Memorandum Opinion and Order and note mailing on the docket.

Dated:   New York, New York
         February 4, 2025

                                     _____
                                           DENISE COTE
                                    United States District Judge